IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN ANTHONY FULTON,<br><br>               Plaintiff,<br>    v.<br>E. MADRUGA, et al.,<br>               Defendants. | CV F 97-5767 OWW DLB P<br><br>ORDER RE DEFENDANTS'<br>REQUEST FOR CLARIFICATION OF<br>AUGUST 31, 2004 ORDER<br>(DOC 279) |

## **BACKGROUND**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. On May 4, 2004, the Magistrate Judge filed Findings and Recommendations herein recommending that Defendants' motion for summary judgment be granted in part and denied in part. Specifically, the Magistrate Judge recommended that Defendants Engler and Phillips be dismissed from this action for failure to exhaust administrative remedies; that Plaintiff's claim against Defendants Madruga and Phillips for forcing him to walk barefoot with a cart of personal property be dismissed for failure to exhaust administrative remedies; that Defendants' motion for summary judgment on qualified immunity grounds as to Defendants Madruga, Black, Espinosa, and Wilkins be denied; and that this action proceed to trial on Plaintiff's Eighth Amendment excessive force claims against Defendants Madruga, Black

and Espinosa and Plaintiff's Eighth Amendment claim against Defendant Wilkins.

On August 31, 2004, this Court entered an Order re Findings and Recommendation finding the recommendation to be supported by the record and proper analysis except as to the total exhaustion of all claims. The Court held that total exhaustion of all of the prisoner's claims is required for the reasons stated in *Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004). The Court therefore ordered Plaintiff to advise whether he agreed to the dismissal of his unexhausted claims and wished to proceed on his exhausted claims. On September 15, 2004, Plaintiff advised that he wished to proceed on his exhausted claims only thereby agreeing to dismissal of his claims against Defendants Engler and Phillips for excessive force and his claims against Defendants Madruga and Phillips for forcing him to walk barefoot with a cart of personal property.

On November 5, 2004, Defendants filed a Request for Clarification of the Court's Order. Specifically, Defendants requested that the Court clarify its ruling on the other issues raised by Defendant's motion for summary judgment (Docket No. 220) (such as qualified immunity); and whether discovery was still stayed under the June 27, 2002 Order (Docket No. 276).

**DISCUSSION**

**A.   Clarification of Court's Ruling on Qualified Immunity**

In the Findings and Recommendation, the Magistrate Judge recommended denial of Defendants' claims of qualified immunity. The Magistrate Judge also recommended that Plaintiff's unexhausted claims be dismissed and the exhausted claim to proceed to trial. This Court found the Findings and Recommendations to be supported by the record and by proper analysis except as to the total exhaustion of all claims. Accordingly, Defendants' motion for summary judgment on qualified immunity grounds was denied.

**B.   Stay of December 12, 2001 Discovery Order**

Pursuant to this Court's Order of March 31, 2001, Defendants submitted personnel documents under seal for in camera review. While the Court was reviewing the documents,

Defendants requested and were granted leave to file a motion for summary judgment in light of *Booth v. Churner*, 532 U.S. 731 (2001) and *Saucier v. Katz*, 533 U.S. 194 (2001).  On December 3, 2001, Defendants filed a motion for summary judgment, arguing the Complaint should be dismissed because they were entitled to qualified immunity and Plaintiff failed to exhaust his administrative remedies for all claims against all Defendants before bringing this action.  On December 12, 2001, the Court ordered Defendants to produce various inmate complaints and personnel investigation reports relating to Defendants.  On December 20, 2001, Defendants filed a motion to stay the December 12, 2001 Order for production of documents.  On June 27, 2002, the Court granted Defendants' request to stay the discovery order finding that a stay was warranted because until the issue of qualified immunity was resolved, discovery should not go forward.  The Court noted that Plaintiff did not need Defendants' personnel records to oppose the motion for summary judgment because personnel records have no bearing on the issues of qualified immunity.

The issue of qualified immunity has now been resolved.  Accordingly, the stay of the December 12, 2001 discovery order is removed and Defendants are ordered to comply with the December 12, 2001 Order within 30 days.  The Court will thereafter schedule this case for trial.  The case is referred back to the Magistrate Judge for further proceedings. IT IS SO ORDERED.

Dated:   **May 19, 2005**                    /s/ Oliver W. Wanger
emm0d6                                       UNITED STATES DISTRICT JUDGE

3