IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN ANTHONY FULTON,<br><br>        Plaintiff,<br>   v.<br><br>E. MADRUGA, et al.,<br><br>        Defendants. | CV F 97-5767 OWW DLB P<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY<br><br>(DOC 311) |

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Plaintiff filed this case in 1997 alleging that he was subjected to excessive force and deprived of medical attention during an incident which occurred on November 8, 1996 at Corcoran State Prison. This case is scheduled for a jury trial on March 7, 2006. On August 18, 2005, plaintiff filed a motion to conduct additional discovery. On August 23, 2005, the Court ordered defendants to respond to plaintiff's motion. Defendants filed an opposition to the motion on September 13, 2005.

       As a preliminary matter, the Court notes that the discovery deadline in this case expired on March 17, 2000. (Order, filed February 22, 2000). Plaintiff now seeks to re-open discovery on the grounds that he is "entitled to discovery of relevant evidence which could lead to

1  admissible evidence for trial purposes." Plaintiff asserts that during the discovery process, he
2  propounded several requests for production of documents which were never produced by
3  defendants.  Plaintiff also seeks permission to propound interrogatories designed to elicit
4  information that will identify and disclose the documents plaintiff is seeking.

5       A party may obtain relief from the discovery cut-off only upon a showing of good
6  cause.  *See* Fed.R.Civ.P. 16(b).  Plaintiff has failed to demonstrate good cause to reopen
7  discovery, years after the deadline.  Both parties have engaged in extensive discovery and
8  multiple dispositive motions have been filed and ruled upon.  Even after the discovery cut-off,
9  the parties continued to litigate various motions to compel which have now been resolved.
10  Plaintiff offers no excuse for his failure to pursue the discovery in connection with the earlier
11  motions to compel.  Nor does he explain the failure to seek leave to propound the additional
12  interrogatories at an earlier date.  The Court finds no justification to further delay this case.

13       Accordingly, plaintiff's motion for leave to conduct additional discovery is DENIED.

14
15  IT IS SO ORDERED.

16  **Dated:   October 19, 2005**          **/s/ Dennis L. Beck**
    3b142a                                  UNITED STATES MAGISTRATE JUDGE
17
18
19
20
21
22
23
24
25
26
27
28