IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN FULTON, | CASE NO. CV-F-97-5767 OWW DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF DEFENDANT WILKINS |
| vs. | |
| E. MADRUGA, et.al., | [Doc. 330] |
| Defendants. | |

## BACKGROUND

Plaintiff Allen Fulton ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's Eighth Amendment Excessive Force claim against defendants Madruga, Black and Espinosa and plaintiff's Eighth Amendment claim against defendant Wilkins. Plaintiff claims that on November 8, 1996 at Corcoran State Prison, defendants Madruga, Black, and Espinosa inflicted cruel and unusual punishment on him by using excessive force. Plaintiff also claims that defendant Wilkins inflicted cruel and unusual punishment on him by depriving him of his shoes and socks, and forcing him to walk barefoot pushing a cart between buildings. This case is scheduled for jury trial on March 7, 2006 before the Honorable District Judge Oliver W. Wanger.

On July 18, 2005, defense counsel filed a suggestion of death on the record pursuant to Federal Rule of Civil Procedure 25(a)(1), stating the defendant Wilkins died on June 8, 2002. On August 1, 2005, plaintiff filed a "motion for court order substituting defendant Robert Thomas Wilkins (deceased)." Neither defendant nor plaintiff served Mr. Wilkins' representative or his estate and neither party identified the proper party to be substituted. On August 1, 2005, the Court issued a Second

1  Scheduling Order setting this matter for trial on March 7, 2005.  There was a telephonic trial
2  confirmation hearing on January 27, 2006, during which the Court confirmed the March 7, 2006 trial
3  date.  At the trial confirmation hearing, the Court advised the parties that both the suggestion of death
4  on the record by defense counsel and the motion to substitute by plaintiff were insufficient to meet the
5  requirements of Federal Rule of Civil Procedure 25(a)(1) because the proper parties had not been
6  identified or served, namely, defendant Wilkins' representatives.  The Court granted the parties 10 days
7  in which to file proper motions concerning deceased defendant Wilkins.  On January 31, 2006, the Court
8  issued a Pretrial Order confirming the March 7, 2006 trial date and advising the parties that any motions
9  relating to the dismissal and/or substitution of defendant Wilkins shall be filed on or before February
10 6, 2006.  The Court also provided the parties instructions relating to Rule 25(a).  On February 6, 2006,
11 defendants filed a motion to dismiss defendant Wilkins, arguing that defendant Wilkins should be
12 dismissed because plaintiff failed substitute the proper party within 90 days of the suggestion of death.
13 Defendants did not identify or serve the non-party successors or representatives of defendant Wilkins.
14 Plaintiff did not file a motion relating to defendant Wilkins.

**DISCUSSION**

Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties.  The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of statement of the fact of the death as provided for herein for the service of the motion, the action shall be dismissed as to the deceased party.

Two things are required of a party for the running of the ninety-day period to commence: a party must 1) formally suggest the death of the party on the record, and 2) serve the suggestion of death on the other parties and nonparty successors or representatives. Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994). In order for the ninety-day period for substitution to be triggered, a party must formally suggest the death of the party upon the record and must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to

1  substitute. Fed.R.Civ.P. 25(a)(1). Thus, a party may be served the suggestion of death by service on his or her attorney, Fed.R.Civ.P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. Barlow v. Ground, 39 F.3d at 232-234. Rule 25 requires dismissal absent a motion for substitution within the ninety-day period only if the statement of death was properly served. Unicorn Tales, Inc., v. Bannerjee, 138 F.3d 467, 469-471 (2d. Cir. 1998).

While defendants filed a suggestion of death on July 18, 2005, it was not served on the non-party successors or representatives of defendant Wilkins and therefore the ninety-day period in which to file a motion for substitution was never triggered.  Defendants' motion to dismiss defendant Wilkins based on plaintiff's failure to file a motion to substitute within 90 days, is therefore without merit and should be denied.

However, this case is proceeding to trial on March 7, 2006 and plaintiff has failed to file a proper motion to substitute.  A motion for substitution pursuant to Rule 25(a), like the suggestion of death, must identify the decedent's representative.  Plaintiff was notified of the death of defendant Wilkins in July 2005.  Despite this knowledge and despite this Court's advisement, he has failed to identify defendant Wilkins' representative and move for substitution.  Since a proper substitution has not been made, and this case cannot proceed to trial against a deceased defendant, the Court recommends that defendant Wilkins be dismissed from this action and the trial proceed against defendant Black, Espinosa and Madruga only.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 9, 2006                    /s/ Dennis L. Beck
3b142a                                       UNITED STATES MAGISTRATE JUDGE